■ In the Matter of JOSEPH FRISONE, Respondent, against CHARLES ABRAMS, as State Rent Administrator, Appellant.— In 1942, a landlord, the respondent herein, voluntarily divided his six-room apartment into two separate three-room units and rented the rear unit, including the kitchen and bathroom, to the present tenant. The landlord remained in the front unit until 1953, using cooking and toilet facilities in the basement of the premises. He then moved from the front unit and attempted to induce the tenant to rent such unit. Upon the failure of the tenant to agree to the rental demanded, the land-lord applied for a certificate of eviction under section 54 of the State Rent and Eviction Regulations, urging economic hardship because of inability to rent the front unit which, he maintained, constituted a violation of the Multiple Dwelling Law. The State Rent Administrator denied the certificate, finding that the requested eviction was not consistent with the purposes of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and the State Rent and Eviction Regulations and would be likely to result in the circumvention or evasion thereof. The landlord thereupon brought this proceeding to review such determination. The State Rent Administrator appeals from an order of the Special Term granting the petition, vacating the determination and directing him to issue a certificate of eviction in the event the tenant fails to rent the front unit at the rental suggested by the landlord. Order reversed, without costs,

and the matter remitted to the State Rent Administrator for further action as indicated herein. The record does not contain any information as to maximum rentals applicable to the building in which the apartment in question is located or any data which was available to the Special Term for passing upon the propriety of any rental level for the apartment involved herein. No maximum rent was ever established for the six-room apartment because it had not been occupied as a single unit since 1942. In addition, subdivision 3 of section 4 of the State Residential Rent Law specifically delegates fixation of maximum rents to the Temporary State Housing Rent Commission. There was, therefore, no foundation or statutory power to enable the Special Term to fix any rental for the premises. Under the circumstances, the matter is remitted to the State Rent Administrator for consideration *de novo,* including fixation of the lawful maximum rent, and to afford the landlord such opportunity as may be available to him under the governing statute and regulations to apply for an increase in rent, if he be so advised. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.